■ PAUL HALLINGBY, JR., Respondent, v MAI V. HALLINGBY, Appellant. [662 NYS2d 52] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered January 10, 1997, which, insofar as appealed from, directed defendant wife to transfer to plaintiff husband her interest in the former marital cooperative apartment, unanimously affirmed, with costs.

Under the subject settlement agreement, plaintiff was made "solely responsible" for selling the apartment and given "sole discretion" to "determine marketing and the terms of sale". No claim is made by defendant that plaintiff has not made a good faith effort to sell the apartment. While the agreement does not place a time limit on the duration of that effort, neither does it require that the property be sold for any particular amount; it simply sets forth how the proceeds are to be allocated depending on the amount realized. The clear intent of the agreement is to give defendant a sum of no less than $4.5 million, which she has received, and to require of plaintiff that he make a good faith effort to sell the apartment for the highest possible price, which he has done. To argue, as defendant does, that the sale must be indefinitely delayed until such time as the apartment brings a price that would entitle her to more than $4.5 million is not a reasonable interpretation of the agreement. Concur—Murphy, P. J., Sullivan, Ellerin and Williams, JJ.